**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Decker,<br><br>      Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of<br>Social Security Administration,<br><br>      Defendant. | No. CV-07-249-PHX-DGC<br><br>**ORDER** |

Pending before the Court are Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Dkt. ##10, 14. Responses have been filed. Dkt. ##13, 17. The Court will deny Plaintiff's motion and grant Defendant's cross-motion.

**I.    Background.**

Plaintiff applied for supplemental security income on April 13, 2004, claiming a disability onset date of September 26, 2003. Dkt. #9, Tr. 48-50, 96, 259. The applications were denied initially and on reconsideration. Tr. 27-28, 40-43. A hearing before an Administrative Law Judge ("ALJ") was held on July 25, 2006. Tr. 263-81. The ALJ issued a written decision on September 8, 2006, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 13-19. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 4-7. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Dkt. #1.

**II.   Standard of Review.**

Defendant's decision to deny benefits will be vacated "only if it is not supported by

substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *see* 42 U.S.C. § 405(g).  Substantial evidence is more than a mere scintilla, but less than a preponderance. *See Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). Put another way, substantial evidence is relevant evidence that, when considered in light of the entire record, a reasonable person might accept as adequate to support the decision. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

**III.    Analysis.**

The ALJ found that Plaintiff had severe chronic low back pain. The ALJ determined, however, that this impairment was not severe enough to meet or equal a listed impairment. Tr. 15 ¶¶ 2-3. The ALJ further determined that while there was evidence showing that Plaintiff's impairment might produce some degree of pain, the alleged intensity, persistence, and limiting effects of the pain was not supported by the medical evidence. Tr. 16. The ALJ concluded that Plaintiff's impairment did not significantly limit his ability to function and that he was able to perform sedentary work. Tr. 17-18.

Plaintiff contends that the ALJ erred by improperly rejecting the opinion of treating physician Lorraine Ralph that Plaintiff was unable to work. Dkt. #12 at 4-5. Plaintiff further contends that the ALJ erred by failing to award a closed period of benefits. *Id.* at 6. Defendant argues that the ALJ did not err and that his decision is supported by substantial evidence. Dkt. #14

**A.    Did the ALJ Err in Rejecting Dr. Ralph's Opinion?**

A treating physician's opinion generally must be afforded significant weight and may be rejected only for "'specific, legitimate reasons' supported by substantial evidence in the record[.]" *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citation omitted). In rejecting Dr. Ralph's opinion, the ALJ relied on the opinions of Drs. Paul Saiz and Paul Drinkwater that Plaintiff was able to perform sedentary work. Tr. 16-18. The opinions of Drs. Saiz and Drinkwater are based on examinations of Plaintiff and are supported by independent clinical findings. Tr. 113-18, 133-43. These opinions constitute substantial evidence supporting the ALJ's decision to reject the opinion of Dr. Ralph. *See Thomas v. Barnhart*, 278 F.3d 947,

957 (9th Cir. 2002) ("Although the treating physician's opinion is given deference, the ALJ may reject the opinion of a treating physician in favor of a conflicting opinion of an examining physician . . . . The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

The ALJ did not err in rejecting Dr. Ralph's opinion because he set forth a "'detailed and thorough summary of the facts and conflicting clinical evidence, stat[ed] his interpretation thereof, and [made] findings.'" *Id.* (citation omitted); *see Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("The ALJ is responsible for determining credibility and resolving conflicts in medical testimony."); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("When there is conflicting medical evidence, the [ALJ] must determine credibility and resolve the conflict.").

### B.     Did the ALJ Err by Not Awarding a Closed Period of Benefits?

Plaintiff claims that Dr. Ralph's treatment notes show that he was unable to work for twelve consecutive months. Dkt. #12 at 6. Plaintiff does not cite to any specific treatment notes or otherwise identify the purported twelve-month period of disability. Dr. Ralph indicated in October 2003 that Plaintiff was unable to work. Tr. 199. The next month, however, Dr. Ralph reported that Plaintiff was able to perform light duty work. Tr. 196. Dr. Ralph also reported an ability to work through March 2004 and again in June 2004. Tr. 169, 181, 184, 187, 190, 193.

Plaintiff further claims that given a reasonable period of recovery following his back surgery in April 2005, he "was easily in a non-work status for in excess of 12 consecutive months[.]" Dkt. #12 at 6. Plaintiff cites no medical evidence in support of this claim. A post-surgery examination revealed "no evidence for recurrent or residual disc disease nor any other significant finding elsewhere." Tr. 229. The physician who performed Plaintiff's surgery, Dr. Carrie Walters, found "[n]o apparent reason for his continuing pain from an anatomical standpoint," noting that "nothing [was] pressing on the nerve root." Tr. 227.

The medical evidence supports a finding that Plaintiff was not disabled for twelve

consecutive months.  The ALJ did not err by declining to award Plaintiff a closed period of benefits.

### IV. Conclusion.

Because the decision to deny Plaintiff's application for supplemental security income is supported by substantial evidence and is not based on legal error, the Court will affirm the decision.  *See* 42 U.S.C. § 405(g); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989) ("We affirm a denial of benefits when the Secretary's decision is supported by substantial evidence and is free from legal error.").

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (Dkt. #10) is **denied**.
2. Defendant's cross-motion for summary judgment (Dkt. #14) is **granted**.
3. Defendant's administrative decision denying benefits is **affirmed**.
4. The Clerk shall **terminate** this action.

DATED this 9th day of August, 2007.

_____
David G. Campbell
United States District Judge